ALBERT CASSUTO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cassuto v. Commissioner
Docket Nos. 1661-82; 21546-87.[1]
United States Tax Court
T.C. Memo 1989-62; 1989 Tax Ct. Memo LEXIS 62; 56 T.C.M. (CCH) 1230; T.C.M. (RIA) 89062; February 13, 1989. Thomas LoPresti, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's Motion to Dismiss for Lack of Prosecution. Respondent determined by separate notices of deficiency for each taxable year the following deficiencies in and additions to the Federal income tax of petitioner: Taxable Year
Deficiency
6651(a)(1)
1980
$  7,813.24
$   402.12
1983
13,144.00
3,286.00
Additions to Tax Under Sections [2]
Taxable Year
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
6661
1980
$ 390.66
N/A
N/A
N/A
N/A
1983
N/A
657.20 *
$ 793.00
$ 3,286.00
*63 The notices of deficiency were based primarily on respondent's determination that petitioner had underreported his income, notwithstanding petitioner's vow of poverty. On August 11, 1983, respondent filed a Motion for Leave to File Amendment to the Answer in docket number 1661-82 and the Amendment to Answer. The motion was granted. The amendment increased the deficiency for the taxable year 1980 from $ 7,813.24 to $ 9,520.67. That increase was based on unreported dividend and interest income. Based on the increased deficiency, the additions to tax for taxable year 1980 under sections 6651(a)(1) and 6653(a) were increased from $ 402.12 and $ 390.66 to $ 830.97 and $ 476.03, respectively. Petitioner resided in Brooklyn, New York, at the time he filed his petitions in the instant case. On June 30, 1983, respondent sent petitioner a request for admissions which included a request that petitioner admit that he earned the interest and *64 dividend income that resulted in the increased deficiency and additions to tax for taxable year 1980. Petitioner never responded to the request for admissions; thus, the admissions requested are deemed admitted pursuant to Rule 90(c). The increased deficiency based on the unreported interest and dividend income, along with the corresponding increased additions to the tax for taxable year 1980, are the only issues on which respondent has the burden of proof. Rule 142(a). The instant case was scheduled for the December 7, 1987, Westbury, New York trial calendar. Petitioner failed to appear at the call of that calendar, and respondent moved to dismiss the instant case and impose damages pursuant to section 6673. The Court received correspondence from petitioner and issued an order on December 21, 1987, directing petitioner to show cause in writing on or before January 11, 1988, why respondent's motion should not be granted. On January 12, 1988, petitioner filed a reply along with a doctor's note. The Court then denied respondent's motion to dismiss and changed the place of trial to New York, New York. On April 6, 1988, the Court sent petitioner a notice setting the instant case *65 for trial at the Trial Session beginning September 6, 1988, in New York, New York. That notice contained the following warnings: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Respondent tried to contact petitioner by telephone at various times, but there was never any answer. On August 10, 1988, a letter was sent to petitioner at 1000 Ocean Parkway, Apt. 6A, Brooklyn, New York, 11230, informing him of the trial date and requesting a meeting for the purpose of stipulating facts. *66 The letter was returned with the address crossed out and a Canadian address written in its place. On August 18, 1988, letters and proposed decision documents for taxable years 1980 and 1983 were sent to petitioner at both the Brooklyn address (by certified mail), and the Canadian address, 1240 Bay Street, Toronto, Ontario M5R2A7. The instant case was called for trial at the trial session of this Court on September 6, 1988, at New York, New York. Counsel for respondent appeared and announced that he was ready for trial. No appearance was made by or on behalf of petitioner. Respondent filed the instant motion to dismiss for lack of prosecution and moved for an award of damages pursuant to section 6673. The record in this case discloses not only that petitioner did not appear for the trial [3] of his case when it was called, but also that he has totally failed to cooperate with respondent in preparing the case for trial. Dismissal of a case is a sanction resting in the discretion of the trial court. ; *67 . We grant respondent's motion to dismiss as to the deficiencies and the additions to tax determined in the notices of deficiency. Rules 123, 149(a). [4] With respect to the increases in the deficiency and additions to tax for taxable year 1980 sought in respondent's amended answer in docket No. 1661-82, we have carefully reviewed the allegations in that answer and are satisfied that they are well-pleaded. We therefore grant respondent's motion to dismiss with respect to such increased deficiency and additions to tax. . With respect to respondent's motion for damages, section 6673 provides for an award of damages to the United States when it appears to us that the proceedings have been instituted or maintained by the taxpayer before this Court primarily for delay or that the taxpayer's position in these proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue *68 available administrative remedies. We have repeatedly awarded damages under section 6673 in cases which have been dismissed due to a taxpayer's failure to prosecute his case properly. See , affd. by unpublished opinion . See also ; ; ; . Our review of the record in the instant case reveals that petitioner is a protestor, intent on making frivolous, groundless arguments based upon the Constitution of the United States. [5] Moreover, petitioner's refusal to cooperate with respondent and failure to appear at trial convince us that petitioner has instituted and maintained these proceedings primarily for the purpose of delay. We therefore will award damages to the United States in the amount of $ 5,000. *69 An appropriate order and decision will be entered.
Footnotes
1. These cases were consolidated by Order of the Court on October 13, 1986. For convenience, except where otherwise noted, these consolidated cases shall hereinafter be referred to as "the instant case."↩
2. All section references are to the Internal Revenue Code, of 1954, as amended and in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest on $ 13,144.↩
3. The Court has received no communication from petitioner explaining his failure to appear when the case was called for trial.↩
4. A decision may be entered against a defaulting party pursuant to Rule 123(a) or against a taxpayer who fails to appear at trial pursuant to Rules 149(a) and 123(b).↩
5. Such arguments appear in the petition, petitioner's reply to the amendment to the answer, and petitioner's motion for summary judgment.↩